IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-330-FL
No. 5:14-CV-855-FL

| | |
|---|---|
| TERRENCE WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 87), and the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 92). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 112), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Petitioner filed objections to the M&R, and the government responded. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, denies petitioner's motion, and grants respondent's motion.

## BACKGROUND

Indictment filed October 25, 2011, charged petitioner with possession of firearm by convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924. On January 9, 2012, petitioner pleaded not guilty to the charge at arraignment, and the matter was set for trial to commence April 6, 2012. On March 28, 2012, the government filed a superseding indictment charging petitioner with

conspiracy to distribute and possess 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 840(a)(1) and 846 (count one); and possession of firearm by convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924 (count two). Petitioner pleaded not guilty to the superseding indictment on April 5, 2012, and elected to proceed to trial as scheduled.

On April 10, 2012, after a three day trial, a jury found petitioner guilty as to count one and not guilty as to count two. The court sentenced petitioner on July 19, 2012, to a 222 month term of imprisonment. Petitioner appealed, and the court of appeals affirmed the conviction on August 6, 2013, with certiorari denied on December 2, 2013. Petitioner timely filed the instant § 2255 motion on November 26, 2014, asserting that his trial counsel was ineffective for failing to adequately investigate two witnesses, Shante Fleming ("Fleming") and Larodrick Horne ("Horne"), and to offer their testimony for trial and sentencing. The government filed a motion to dismiss on January 6, 2015, arguing that petitioner's claims are without merit.

Counsel for petitioner in this § 2255 matter filed a notice of appearance on January 8, 2015. On March 15, 2016, petitioner's sentence was reduced to 178 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2). The magistrate judge held an evidentiary hearing on petitioner's claims, at which petitioner testified and presented testimony by Fleming, and the government presented testimony by trial counsel, Ryan Willis ("Willis").

**COURT'S DISCUSSION**

A.     Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

B.   Analysis

In petitioner's objections, petitioner asserts arguments in support of his claims, which the M&R cogently and thoroughly addressed. Upon de novo review of petitioner's arguments and the record in this case, the court adopts and incorporates herein as its own the M&R's discussion of the claims, finding that the M&R correctly determined that petitioner's claims at trial and sentencing lack merit.

The court writes separately to augment analysis in the M&R that petitioner failed to establish counsel's performance was constitutionally deficient at trial. "Judicial scrutiny of counsel's performance must be highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984). "A

3

fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (quotations omitted).

"[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 690-91. "In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." Id. "Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." Id.

Petitioner contends that trial counsel was ineffective in failing to investigate and call for trial Fleming or Horne, after petitioner suggested them as potential defense witnesses. In light of the circumstances presented to counsel at the time of trial, however, counsel's decision to proceed with trial without investigating Fleming or Horne and presenting their testimony was reasonable. Statements and actions at pre-trial hearing on April 5, 2012, the day before trial was scheduled to commence, provide substantial contemporaneous evidence regarding counsel's perspective at the time, consistent with counsel's testimony at evidentiary hearing.

4

In particular, at hearing, the court reiterated to petitioner his rights to call witnesses and to have further time to investigate, upon the filing of the superseding indictment:

> You've got the right to be represented by an attorney; <u>to call witnesses to come into Court to testify in support of your defense</u>; to take the witness stand, if you want to. You don't have to, because you've got that right to remain silent. <u>You've got the right to have an appropriate period of time to investigate the allegations made in Count 1 as well as the other count, and to have an opportunity to prepare further for trial</u>.

(DE 77 at 3) (emphasis added). The court noted that the purpose of the hearing was to make sure that petitioner was "ready to go forward." (Id. at 4). The court gave petitioner some initial time to confer with his counsel regarding the rights explained, and counsel affirmed following consultation that petitioner fully understood his rights with regard to the new count. (Id.). When the court asked counsel whether petitioner would like more time to make any motions with respect to the new count, counsel conferred again with petitioner. At that point, counsel explained in detail the perspective of counsel and petitioner at the time with respect to strategy going into trial:

> Your Honor, what I would just inform the Court, in order to put it on the record with regard to the new count, the government did provide us notice probably a month ago, at least, that they had information that could support a new count in the superseding indictment. And my client and I have discussed that on several occasions, even before the indictment came down. So, the government did notice us of that, provide us with some documents to support that.
>
> The issue that we have is we didn't know of the superseding indictment at the time we got our jury instructions and at a later date – and at a late date in the trial preparation. Basically, on Friday [March 30, 2012], when I filed my jury instructions of the proposed voir dire, there was one count. I was working on the assumption that the government had decided, for whatever reason, not to seek a superseding indictment. <u>And, so, on Monday [April 2, 2012], when that superseding</u>

5

<u>indictment was actually filed,[1] it caused me to go talk to my client about, just as the Court has raised, potential motions that could or should be filed.</u>

<u>First of all – and I think the Court's order went to this – a motion to continue, potentially.</u> As the Court knows, my client waived his speedy trial right on the first count. He's been waiting for this trial date. <u>We discussed at length on Tuesday [April 3, 2012] at the Albemarle Regional Jail in Elizabeth City the pros and cons of moving to continue the case.</u> After that discussion, it's my understanding and our agreement that we would prefer to move forward as the trial is scheduled. I also discussed with him the possibility of filing a motion to sever the counts, whether that was something that we should think about doing strategically. Again, we had a lengthy conversation about that. And after that conversation, we decided that we would go forward under the superseding indictment and not contest the joinder.

(DE 77 at 12-13) (emphasis added). The court expressed its concern regarding prejudice to petitioner, and expressly confirmed petitioner's wishes directly on the record:

> THE COURT: . . . . [I]f there's any prejudice to the defendant, I would continue this case to give you more time. It's your decision.
> MR. WILLIS: <u>And that's what we've discussed, your Honor. And I think, in discussing the case with [petitioner], I think we are ready to go forward.</u>
> THE COURT: Okay.
> MR. WILLIS: We would like to go forward and exercise his right to a trial at this point.
> THE COURT: Is that what you want to do? And remember, whatever you say may be used against you, but your attorney has put down a lot on the record, and I want to confirm that this is your understanding?
> THE DEFENDANT: Yes, your Honor.

(DE 77 at 14). At further prompting of the court later in the hearing, counsel again confirmed with petitioner that he wanted to go forward with trial rather than postpone. (<u>Id.</u> at 33). The court also confirmed with petitioner that he was satisfied with the advice of his counsel. (<u>Id.</u> at 34).

Such contemporaneous statements by counsel and petitioner in open court, particularly the emphasized text regarding extended discussion with petitioner concerning the pros and cons of

---

[1] The superseding indictment was stamped by the clerk as filed in open court on Wednesday, March 28, 2012. However, consistent with counsel's above statement at hearing, it was not entered on the court's docket until Monday, April 2, 2012 (<u>See</u> DE 34).

proceeding immediately with trial, support the credibility of counsel's account of discussions with his client offered at evidentiary hearing. In particular, statements made at the April 5, 2012, pre-trial hearing are consistent with and support counsel's testimony at evidentiary hearing that he discussed with petitioner the pros and cons of pursuing further investigation, and that counsel made a reasonable determination not to investigate further based upon information and statements provided by petitioner at the time. Specifically, based upon the April 5, 2012, hearing statements, coupled with the reasons stated in the M&R (see, e.g., DE 112 at 10-12, 14), the court finds credible the following testimony by counsel as to his strategic reasons for not pursuing further investigation prior to trial:

> A . . .We did discuss continuing the case to have more time to prepare, and we decided that we wanted to move forward, and so that was the decision we made on April 3. . . .
> Q Did you discuss with Mr. Watson a strategy to discuss the new count?
> A We discussed, and I believe that there was enough – there were enough contradictory statements between what – Deon Boston was one of the alleged co-conspirators and Mr. Sharpe, both in statements that they had made in the past, and between each other, that we could impeach their credibility, . . . .
> Q <u>Did Mr. Watson, at any time, ask you to investigate Mr. Horne or Shante Fleming</u>?
> A <u>I do not recall him asking me to investigate either of those people</u>.

(DE 111 at 20-21) (emphasis added)

> Q Is there anything in [your] notes to indicate that Mr. Watson asked you to meet with Mr. Horne or Mr. Fleming?
> A I made no notes of that conversation. We met on April 3, I took notes about our meeting. I wrote down those two names in my notes with question marks next to them, and that's the extent, in my notes, of meeting with him and me noting anything about those two individuals. . . .
> Q <u>Is there anything on this page to reflect that you should contact Mr. Horne or Mr. Fleming</u>?
> A <u>No</u>. . . .

(Id. at 22-23) (emphasis added).

7

> Q Do you recall whether Mr. Watson instructed you to subpoena Mr. Fleming or Mr. Horne?
> A There was no conversation about subpoenaing either of those individuals.
> Q At any time?
> A Not to my recollection, no. . .

(Id. at 26) (emphasis added).

> Q And if, when you spoke with Mr. Watson, did it ever come up or was it ever a concern of yours, that if you continued the case, perhaps some other people would have made some other crimes against Mr. Watson known?
> A That was a concern, yes.

(Id. at 36).

> THE COURT: Mr. Willis, can you recall a reason as to why you did not contact either Mr. Horne or Mr. Fleming? . . . .
> A Well, before trial, given the meeting that [petitioner] and I had on April 3rd and the strategy that we determined moving forward, and trying to impeach the witnesses, I felt like – I mean, I think we felt like we had enough to discredit them, with what we'd been provided in discovery, so I think that would be the basis of why I didn't reach out to them, at that point, which was, you know, a few day [sic] before we're going to start a trial. I had no contact information for them, and it hadn't really been a focus of what we'd been doing for preparing for trial.

(Id. at 40-41) (emphasis added).

> MR. WOOD: Is the answer you gave about your reasons for not reaching out to Horne or Fleming, first, if at all, was it affected by your client's desire to move forward with the trial?
> A I mean, I think that had a big impact. We'd talked about continuing the case and, again, on Thursday, Judge Flanagan gave us the opportunity to continue the case. Had there been any focus from [petitioner] about trying – for me to try to reach out to these people or get them interviewed, we would have continued the case.

(Id. at 42) (emphasis added).

In sum, based on the foregoing testimony particularly as emphasized above, which the court finds credible, counsel's strategic choice to proceed with trial on the basis of the impeachment strategy chosen, without further investigation into Fleming or Horne, was reasonable in this case because reasonable professional judgments supported the limitations on investigation. Counsel's

8

actions were in this case substantially influenced by the defendant's own statements and information provided by defendant, viewed from the perspective of counsel at the time of trial. Therefore, petitioner has not established that counsel was deficient in preparing for and conducting trial in this matter.

As noted above, the court adopts as its own the additional discussion in the M&R regarding petitioner's remaining claims of ineffective assistance of counsel at sentencing.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court adopts the recommendation of the M&R (DE 112), DENIES petitioner's motion to vacate (DE 87), GRANTS the government's motion to dismiss (DE 92). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of February, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge